**NOT RECOMMENDED FOR PUBLICATION**

File Name: 05a0136n.06

Filed: February 22, 2005

No. 03-4279

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee** | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| FERNANDO GONZALEZ, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| **Defendant-Appellant** | ) | |
| | ) | |
| | ) | |

BEFORE:    MERRITT and ROGERS, Circuit Judges; and DUPLANTIER, District Judge[*]

**MERRITT, Circuit Judge.**  This is a direct criminal appeal from a jury conviction that challenges the sufficiency of the evidence to support the conviction and seeks vacation of the sentence in light of *United States v. Booker*, and its companion case, *United States v. Fanfan*, ____ U.S. ____, 125 S. Ct. 738 (2005).  Upon examination, we determine that oral argument is not needed.  For the following reasons, we affirm the conviction but remand for resentencing under *Booker* and *Fanfan*.

### I.  Background

---

[*]The Honorable Adrian Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation.

Defendant Fernando Gonzalez was convicted on June 17, 2003, of possession with intent to distribute approximately 250 grams of cocaine. The crime occurred on October 2, 2002. He had been previously convicted of two prior felony drug offenses, trafficking in marijuana (a third degree felony under Ohio law) on February 13, 1996, at age 20, and possession with intent to distribute cocaine on August 25, 2000. He was convicted of the first offense in a state court proceeding and the second in the United States District Court in the Northern District of Ohio.

The Sentencing Guidelines in § 2D1.1(c)(10) provide for a base offense level of 20 because Gonzalez possessed more than 200 but less than 300 grams of cocaine. This level would carry a range of 33 to 41 months in a criminal history category I and a range of 70 to 87 months in a criminal history category VI. Although the total of criminal history points was calculated by the pre-sentence report at 12, which would give the defendant a criminal history category of V, the defendant's two felony drug convictions placed him in the Guidelines category of a "career offender," as described in § 4B1.1, which increases the criminal history category to VI. Because the drug offense provides for a maximum sentence of "25 years or more," § 4B1.1 requires that the defendant be sentenced at an offense level of 34, a 14-level increase over the base offense level. Under the Guidelines, the required career criminal offense level of 34 with a category VI criminal history provides on the sentencing table for a range of 262 to 327 months. Judge Dowd sentenced the defendant at the bottom of the range to 262 months.

The first issue raised on appeal is whether sufficient evidence was introduced at the jury trial to justify a conviction. The second issue is whether the case should be remanded to the District Court for resentencing under *Booker* and *Fanfan*.

## II.  The Sufficiency Issue

On the question of the sufficiency of the evidence, the case is straightforward.  We must simply determine — making all reasonable inferences in favor of the prosecution — whether a rational trier of fact could have found the essential elements of the drug crime beyond a reasonable doubt.  Defendant was set up by a government informant (Randy Englehardt) who persuaded him to obtain the cocaine and deliver it to a buyer.  With the informant and his wife following in another car behind him, the defendant with a passenger friend (Hernandez) started out to deliver the cocaine.  As planned in advance, they were surrounded by police cars with detectives from the Toledo Police Department, two of whom (Dec and Swartz) saw the defendant placing or "stuffing" something in between the driver's seat and the door.  When the detectives approached the defendant's car and ordered him out, the officers saw baggies of white powder between the driver's seat and the driver's door.  The police officers, as well as the informant and the informant's wife, testified to these basic facts at the trial.

As a defense, the defendant relied on the fact that no finger prints were found on the baggies and that the baggies could have been the drugs of just the passenger in his car, Hernandez.  The government rebutted this factual proposition with the testimony of the informant's wife, who said that the defendant told her he had the cocaine in his pocket, and that she watched him remove the bags of cocaine from his pocket and place them next to him as he sat in the car.  In addition, the two detectives testified that he was stuffing something between the door of the car and the seat and that once the door opened they spotted the two bags of cocaine.  Taken in the light most favorable to the government, the evidence shows that although the passenger in the car, Hernandez, had possessed

-3-

the cocaine earlier that same day, Gonzalez took control over the drugs earlier in the day and possessed the bags at the time of the arrest. Gonzalez had, as the informant testified, retrieved the cocaine he had given to a friend in response to the informant's request which set him up for the arrest. The defendant makes much of the fact that the informant had a motive to lie because he was being paid by the police department. The jury under such circumstances judges the credibility of witnesses. The evidence in the case, if not overwhelming, is certainly strong that the defendant possessed the cocaine with intent to deliver and sell it after being set up by the informant. There is no basis for reversing the conviction on grounds of insufficiency of the evidence.

### III. Sentencing

The sentence in this case was based on an offense level of 20 calculated from the jury verdict plus a 14-level "career criminal" sentence enhancement based on the two prior convictions. Under *Booker* and *Fanfan*, prior convictions may be used as upward adjustments without violating the Sixth Amendment prohibition on adjustments based on judicial fact finding. *Booker*, 125 S. Ct. at 756; *accord United States v. Oliver*, ____ F.3d ____, No. 03-2126, 2005 WL 233779 (6th Cir. Feb. 2, 2005). Even so, *Booker* and *Fanfan* establish that the Guidelines are now advisory as to all sentences. Since the mandatory element of the Guidelines has been removed, leaving the sentence to the reasonable discretion of the District Court, Judge Dowd may no longer approve of the 22-year sentence which he was required to impose in this case. This inference is particularly strong here, where he sentenced the defendant at the bottom of the Guideline range. It is unclear what sentence he might impose if not bound by the career criminal provisions of the Guidelines.

The Court, therefore, affirms the defendant's conviction but remands to the District Court

for reconsideration of the sentence in light of *Booker* and *Fanfan*.